**Frank ORI, Appellant,**

v.

**George STEELE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Edwin D. Rice, Vincent & Rice, Ashland, for appellant.

H. David Hermansdorfer, Diederich & Hermansdorfer, Ashland, for appellees.

MONTGOMERY, Judge.

The question is whether the parties are bound by a written contract as was adjudged or by an oral novation under which appellant would be entitled to claim on a quantum meruit basis.

Appellant, Frank Ori, a builder, entered into a written contract with appellees George E. and Marilyn Henry Steele for the construction of a house at the price of $19,400. Incorporated into the contract were detailed plans and specifications. The contract also provided that the Steeles, without invalidating the contract, could order extra work or make changes by altering, adding to, or deducting from the work, with the contract sum to be adjusted accordingly.

After or near the completion of the project, the Steeles filed this action against the general contractor, appellant, and various subcontractors. It was alleged that the Steeles had paid $13,300 of the contract price; that a number of mechanics' and materialmen's liens had been filed against the property; that there were various other claims; that they had not contracted any of them; that they were in great doubt as to whom the balance under the contract of $6,100 should be paid; and that it was tendered into court for a determination of the liens and claims and for a proper distribution.

The matter was referred to a commissioner who heard proof on the claims as well as on the merits of a contention made by appellant that an oral agreement had been reached with the Steeles which abrogated the written agreement and that under the oral agreement payment should be made on the basis of quantum meruit. The commissioner's findings were adopted by the court and judgment was entered adjudicating the liens and claims accordingly. Further, it was adjudged that the written contract controlled, and judgment was given according to certain conditions and deletions under the contract.

The evidence was conflicting on the issue of whether a new oral agreement supplanted the old written agreement. It is unnecessary to detail the testimony pro and con on this point. The findings in favor of the written contract made by the commissioner and adopted by the judge are supported by substantive evidence. In such case on conflicting testimony the findings of the commissioner and judge are to be upheld. CR 52.01.

Judgment affirmed.